Riddle v. Rourke.

## RIDDLE v. ROURKE.

1. Since the passage of the act of 1829, [Aik. Dig. 330] no action ean be sustained against the endorser of a single bill not payable in bank, when the maker has not been sued, and a return of " no property," made on an execution against him, unless some sufficient excuse is shewn for the omission to sue the maker.

2. The return of " no property," made on an execution against the maker, in August, will not sustain an action commenced against an endorser, in March of the same year.

Writ of error to the Circuit Court of Jackson county.

ACTION of debt on a single bill against an endorser. The bill is dated in 1836, payable in 1837, and endorsed in 1837, after it became due. Suit commenced 17th March, 1838. The making and endorsement of the bill is averred in the usual form, and the declaration alleges that suit was commenced against the maker in February, 1838, and judgment recovered in the same month; that in the same month a *fi. fa.* was issued against the maker, which was returned " no property," in August of the same year. Judgment by default was rendered, in October, 1838.

Hopkins, for the plaintiff in error, cited Aik. Dig. 330 §16.
No counsel appeared for the defendant.

GOLDTHWAITE, J.—If the dates are correctly stated in the record, it is clear that this suit was prematurely commenced, as it seems to have been instituted in March, when the return of " no property," against the maker, was not made until the month of August afterwards; consequently, no sufficient cause is shewn for this suit.

The act of 1829, provides " when judgment shall be recovered by the assignee or endorsee of any assigned bond, &c. [not payable in bank] and a writ of *fieri facias* is returned, ' no property found,' the assignee or endorsee, may commence his

Riddle v. Rourke.

action against the assignor or endorser, and the return shall be sufficient evidence of the insolvency of the maker, to authorize a recovery on the assignment or endorsement," Aik. Dig. 330. The act of the 15th January, 1828, authorized the maker and endorser to be sued in the same action, if the suit was commenced to the first term to which the maker could be sued; if the suit was not thus commenced the endorser was entirely discharged, unless the suit was delayed by his consent. So much of this act as required a joint suit against the maker and endorser, was repealed in 1829, and the statute recited substituted.

Several decisions of this court, have established exceptions to the statute, in which suit may be commenced against the assignor or endorser, before the return provided by the statute is made; but the facts alleged in the declaration do not attempt to excuse the omission of the suit; they rather assume, that a return of " no property," at any time before the judgment against the endorser, will sustain the suit. This is not warranted by the statute, for since its passage, no action can be instituted against the endorser of a note not payable in bank, without showing a suit against the maker prosecuted to a return of " no property;" or without showing some sufficient excuse for the omission to sue.

Let the judgment be reversed, and the cause remanded.